**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NORFOLK SOUTHERN RAILWAY
COMPANY,

    Plaintiff,

v.                                            Case No: 8:15-cv-909-T-30JSS

G.A. PAPER INTERNATIONAL (USA), INC.,

    Defendant.
_____/

**ORDER**

THIS CAUSE comes before the Court upon the Defendant G.A. Paper International (USA), Inc.'s ("GA Paper USA") Motion to Dismiss Complaint (Dkt. 10), and the Plaintiff Norfolk Southern Railway Company's ("Norfolk Southern") Opposition thereto (Dkt. 15). For the reasons stated below, this Court finds that Defendant's motion should be DENIED.

**MOTION TO DISMISS STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly,* 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements will not do." *Twombly,* 550 U.S. at

1

555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal,* 556 U.S. at 679 (citing *Twombly,* 550 U.S. at 556).

To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly,* 550 U.S. at 556 (alteration added)). When reviewing a motion to dismiss, this Court must review the Complaint in the light most favorable to plaintiff and construe all allegations in the Complaint as true. *See Erickson v. Pardus,* 551 U.S. 89, 93–94 (2007).

## **DISCUSSION**

Norfolk Southern filed a one count Complaint against GA Paper USA asserting failure to pay demurrage charges. GA Paper USA moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), claiming Norfolk Southern failed to name the proper party as the defendant.  GA Paper USA argues that the Court should consider the demurrage invoices attached to the Motion to Dismiss as exhibits because the invoices were incorporated by reference in the Complaint and are central to Norfolk Southern's claim.

The invoices were not attached to the Complaint as an exhibit and were provided to GA Paper USA by Norfolk Southern after the Complaint was filed. It appears the identity of the correct Defendant is a factual dispute which should not be decided on a motion to dismiss before discovery can be conducted.  The issue may be raised on Summary Judgment.

It is therefore ORDERED AND ADJUDGED that:

1.   Defendant G.A. Paper International (USA), Inc.'s Motion to Dismiss (Dkt. 10) is DENIED.

2.   Defendant G.A. Paper International (USA), Inc. is hereby given twenty (20) days from the date of this Order in which to file a response to the Complaint.

DONE AND ORDERED this 23rd day of July, 2015, at Tampa, Florida.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2015\15-cv-909 mtd 10.docx